NOT DESIGNATED FOR PUBLICATION

No. 117,224

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BROCK LAWRENCE BLUMENSTEIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed November 3, 2017. Appeal dismissed.

*Joshua S. Albin*, of Albin Law Chartered, of Arkansas City, for appellant.

*Larry R. Schwartz*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: Defendant Brock Lawrence Blumenstein has appealed a presumptive guidelines sentence he received in Cowley County District Court for a felony drug conviction resulting from and conforming to a plea agreement with the State. He incorrectly suggests the sentence was somehow illegal. This court does not have jurisdiction to consider a guidelines sentence, and we, therefore, dismiss Blumenstein's appeal.

1

In early November 2016, the State charged Blumenstein with multiple drug crimes. His lawyer and the State agreed that Blumenstein would plead guilty to possession of methamphetamine, a felony, and possession of alprazolam, a misdemeanor. In exchange, the State would dismiss the other charges. Just before Christmas, Blumenstein entered guilty pleas to those two offenses under the plea agreement.

Blumenstein had a criminal history score of C, including a previous felony drug conviction. As a result, he fell in a border box on the sentencing grid for drug crimes and faced a presumptive sentence of 28 to 32 months in prison. In late January 2017, the district court sentenced Blumenstein to a standard guidelines sentence of 30 months in prison on the felony conviction and a concurrent one-year term in jail on the misdemeanor. The district court denied Blumenstein's request for probation and drug court placement. Blumenstein has appealed his sentence on the felony conviction for possession of methamphetamine.

Under K.S.A. 2016 Supp. 21-6824(a), some defendants convicted of drug crimes must be placed in nonprison settings coupled with participation in approved drug treatment programs. As Blumenstein acknowledges, he did not qualify for that sentencing option because of his earlier felony drug conviction. Blumenstein nonetheless argues the district court erred as a matter of law in sending him to prison because he fell in a border box for sentencing purposes. He is mistaken.

Blumenstein submits that reading K.S.A. 2016 Supp. 21-6804(q) and K.S.A. 2016 Supp. 21-6805(d) in combination supports his position. As provided in K.S.A. 2016 Supp. 21-6805(d), the district court *may* sentence a defendant in a border box on the drug offense grid to "an optional nonprison sentence," as outlined in K.S.A. 2016 Supp. 21-6804(q). But prison remains the presumptive disposition for border box defendants. Under K.S.A. 2016 Supp. 21-6804(q), the district court has the discretion to place certain defendants in available nonprison treatment programs. Both K.S.A. 2016 Supp. 21-

6804(q) and K.S.A. 2016 Supp. 21-6805(d) afford the district court the option to choose a nonprison sentence for border box offenders. But that disposition is merely an option— not an obligatory outcome. Basically, Blumenstein would have us find that two statutory provisions, each of which is obviously discretionary with the district court, somehow combine to impose a mandatory result on the district court. We decline to perform such judicial alchemy.

Blumenstein's argument really doesn't present a colorable claim of illegality. Accordingly, we have no basis to consider the appeal. A sentence conforming to a presumptive disposition under the guidelines cannot be appealed. K.S.A. 2016 Supp. 21-6820(c)(1); *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012). Likewise, a sentence resulting from a plea agreement the district court approves cannot be appealed. K.S.A. 2016 Supp. 21-6820(c)(2). Bluenstein's sentence fits each of those statutory categories, and either one alone deprives this court of jurisdiction to review his sentence on the felony conviction.

Appeal dismissed.